**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
**FERGUS FALLS DIVISION**

| | | |
|---|---|---|
| ROBYN SMITH for DEVAN VANBRUNT, a Minor, by his mother and natural guardian, | ) ) ) | Case No.: 0:11-cv-01771-RHK-LIB |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **DEFENDANTS WAL-MART STORES, INC., WAL-MART STORES EAST, LP, AND** |
| BLITZ U.S.A., INC., WAL-MART STORES, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and KINDERHOOK CAPITAL FUND II, L.P. and KINDERHOOK INDUSTRIES, LLC, | ) ) ) ) ) ) | **WAL-MART STORES EAST, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |
| Defendants. | ) ) | |

----------------------------------------------------------

COMES NOW Wal-Mart Stores, Inc. (incorrectly sued as Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc.) (hereinafter "Wal-Mart") and for their response to Plaintiff's First Amended Complaint, respond as follows:

**INTRODUCTION**

1.    Without product identification, Wal-Mart is unable to admit or deny whether the portable plastic gas can was manufactured and sold as alleged in paragraph 1 of the First Amended Complaint and therefore denies the same.  Wal-Mart denies that Plaintiff's injuries or damages were proximately caused by any alleged act or omission of Wal-Mart and denies that Wal-Mart is liable to Plaintiff for damages.  With respect to the remainder of the allegations in paragraph 1 of the First Amended Complaint, Wal-Mart is without sufficient factual information to form a belief as to the truth of the allegations and therefore denies the same.

2.    Wal-Mart responds that paragraph 2 of the First Amended Complaint makes no mention of Wal-Mart and therefore no response is required.

3.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 and 4 of the First Amended Complaint and therefore denies the same.

## PARTIES

4.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint and therefore denies the same.

5.      Wal-Mart responds that paragraph 6 of the First Amended Complaint makes no mention of Wal-Mart and therefore no response is required.

6.      Wal-Mart admits Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.  Wal-Mart admits Wal-Mart Stores East L.P., is a Delaware limited partnership.  Wal-Mart admits Wal-Mart Stores East, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  Wal-Mart admits they may be served with process of serving their registered agents at the address indicated.  While the caption contains Defendants Wal-Mart Stores East, LP and Wal-Mart Stores East, Inc., these are not proper parties in this matter; the only proper Wal-Mart entity is Wal-Mart Stores, Inc.  The remaining allegations in paragraph 7 of the First Amended Complaint state legal conclusions to which no response is required.

7.      Wal-Mart responds that paragraph 8 of the First Amended Complaint makes no mention of Wal-Mart and therefore no response is required.

8.      Wal-Mart responds that paragraph 9 of the First Amended Complaint states a legal conclusion to which no response is required.

2

9.      Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the First Amended Complaint and therefore denies the same.

10.     Wal-Mart responds that paragraph 11 of the First Amended Complaint states legal conclusions to which no response is required.

11.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint and therefore denies the same.

12.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint and therefore denies the same.

13.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint and therefore denies the same.

14.     Wal-Mart responds that paragraph 15 of the First Amended Complaint states legal conclusions to which no response is required.

15.     Wal-Mart responds that paragraph 16 of the First Amended Complaint makes no mention of Wal-Mart and therefore no response is required.

16.     Paragraph 17 of the First Amended Complaint states a legal conclusion to which no response is required; however, Wal-Mart does not contest the Court's exercise of personal jurisdiction over it based upon specific jurisdiction in this case and does not contest venue in this case.

## FACTUAL BACKGROUND

17.     Without product identification, Wal-Mart is unable to admit or deny whether the "Subject Gas Can" was designed, manufactured or sold as alleged in paragraph 18 of the Plaintiff's First Amended Complaint and therefore denies the same.

18.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Complaint and therefore denies the same.

19.     Wal-Mart denies that any of Plaintiff's injuries or damages was proximately caused by any alleged act or omission of Wal-Mart as alleged in paragraph 20 of the First Amended Complaint.

20.     Without proper identification, Wal-Mart is unable to admit or deny paragraph 21 of the Plaintiff's First Amended Complaint which alleges that the "Subject Gas Can" was designed, manufactured, assembled, marketed, distributed and sold as alleged and therefore denies the same.  Wal-Mart denies that any of Plaintiff's injuries or damages was proximately caused by any alleged act or omission of Wal-Mart.

21.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the First Amended Complaint and therefore denies the same.  Wal-Mart denies that Devan VanBrunt, by pouring gasoline to be used in the ignition of a charcoal grill, was utilizing the Subject Gas Can in an ordinary and reasonable manner in which the Subject Gas Can was intended and reasonably expected to be used.

22.     Wal-Mart denies each and every allegation of paragraph 23 of the First Amended Complaint.

23.     Wal-Mart denies each and every allegation contained in paragraph 24 of Plaintiff's First Amended Complaint.

24.     Wal-Mart denies each and every allegation contained in paragraph 25 of Plaintiff's First Amended Complaint.  Additionally, Wal-Mart notes that as early as 1978, the Consumer Product Safety Commission reviewed the issue of flame arrestors and determined not to impose such requirements as, in the accidents they examined, "the design of the cans did not contribute substantially to the accident sequence."  Wal-Mart further notes that the gas cans sold at its stores were in conformity with ASTM specifications.

25.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Amended Complaint and therefore denies the same.

26.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the First Amended Complaint and therefore denies the same.

27.     Wal-Mart denies each and every allegation of paragraph 28 of the First Amended Complaint.

28.     Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the First Amended Complaint and therefore denies the same.  Wal-Mart denies that any of Plaintiff's injuries or damages was proximately caused by any alleged act or omission of Wal-Mart.

29.     Wal-Mart denies each and every allegation contained in paragraph 30 of Plaintiff's First Amended Complaint.

30.     Wal-Mart responds that paragraph 31 of the First Amended Complaint makes no mention of Wal-Mart and therefore no response is required.

31.     Wal-Mart responds that paragraph 32 of the First Amended Complaint makes no mention of Wal-Mart and therefore no response is required.

## CAUSES OF ACTION
## COUNT 1 DESIGN DEFECT
### (Defendants Blitz U.S.A. Inc.)

32.     With respect to paragraph 33 of Plaintiff's First Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 31 of its Answer to Plaintiff's First Amended Complaint.

33.     The allegations set forth in paragraph 34 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

34.     The allegations set forth in paragraph 35 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

35.     The allegations set forth in paragraph 36 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

36.     The allegations set forth in paragraph 37 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

37.     The allegations set forth in paragraph 38 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

38.     The allegations set forth in paragraph 39 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

39.     The allegations set forth in paragraph 40 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

40.     The allegations set forth in paragraph 41 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

41.     The allegations set forth in paragraph 42 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

42.     The allegations set forth in paragraph 43 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

43.     The allegations set forth in paragraph 44 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

44.    The allegations set forth in paragraph 45 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

45.    The allegations set forth in paragraph 46 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

46.    The allegations set forth in paragraph 47 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

47.    The allegations set forth in paragraph 48 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

48.    The allegations set forth in paragraph 49 of Plaintiff's First Amended Complaint state a legal conclusion for which no response is required.

## COUNT 2 FAILURE TO WARN
### (Defendant Blitz U.S.A. Inc.)

49.    With respect to paragraph 50 of Plaintiff's First Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraph 1 through 48 of its Answer to Plaintiff's First Amended Complaint.

50.    The allegations set forth in paragraph 51 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

51.     The allegations set forth in paragraph 52 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

52.     The allegations set forth in paragraph 53 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

53.     The allegations set forth in paragraph 54 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

54.     The allegations set forth in paragraph 55 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

55.     The allegations set forth in paragraph 56 of Plaintiff's First Amended Complaint state a legal conclusion for which no response is required.

## COUNT 3 NEGLIGENCE
### (Defendant Blitz U.S.A. Inc.)

56.     With respect to paragraph 57 of Plaintiff's First Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 55 of its Answer to Plaintiff's First Amended Complaint.

57.     The allegations set forth in paragraph 58 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

58.     The allegations set forth in paragraph 59 of Plaintiff's First Amended Complaint, including all subparagraphs, are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

59.     The allegations set forth in paragraph 60 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

60.     The allegations set forth in paragraph 61 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

61.     The allegations set forth in paragraph 62 of Plaintiff's First Amended Complaint are not alleged against Wal-Mart.  However, to the extent that it could be so construed, Wal-Mart denies the same.

## COUNT 4 STRICT LIABILITY DESIGN DEFECT
### (Wal-Mart Defendants)

62.     With respect to paragraph 63 of Plaintiff's First Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 61 of its Answer to Plaintiff's First Amended Complaint.

63.     Wal-Mart denies each and every allegation contained in paragraph 64 of Plaintiff's First Amended Complaint.

64.     Wal-Mart denies each and every allegation contained in paragraph 65 of Plaintiff's First Amended Complaint.

65.     As to paragraph 66 of the Plaintiff's First Amended Complaint, Wal-Mart admits that Blitz U.S.A. Inc. gas cans are sold at Wal-Mart stores, but without proper identification as to

the "Subject Gas Can", Wal-Mart denies the remainder of the allegations as stated in the paragraph.

66.     Wal-Mart denies each and every allegation of paragraph 67 of Plaintiff's First Amended Complaint.

67.     Without proper identification as to the "Subject Gas Can", Wal-Mart denies each and every allegation contained in paragraph 68 of Plaintiff's First Amended Complaint.

68.     Wal-Mart denies each and every allegation contained in paragraph 69 of Plaintiff's First Amended Complaint.

69.     Wal-Mart denies each and every allegation contained in paragraph 70 of Plaintiff's First Amended Complaint.

70.     Wal-Mart denies each and every allegation contained in paragraph 71 of Plaintiff's First Amended Complaint.

71.     Wal-Mart denies each and every allegation contained in paragraph 72 of Plaintiff's First Amended Complaint.

72.     Wal-Mart denies each and every allegation contained in paragraph 73 of Plaintiff's First Amended Complaint.

73.     Wal-Mart denies each and every allegation contained in paragraph 74 of Plaintiff's First Amended Complaint.

74.     As to paragraph 75 of Plaintiff's First Amended Complaint, Wal-Mart responds it states a legal conclusion for which no response is required.

## COUNT 5 DUTY TO WARN
### (Wal-Mart Defendants)

75.     With respect to paragraph 76 of Plaintiff's First Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 74 of its Answer to Plaintiff's First Amended Complaint.

76.     Wal-Mart denies each and every allegation contained in paragraph 77 of Plaintiff's First Amended Complaint.

77.     Wal-Mart denies each and every allegation contained in paragraph 78 of Plaintiff's First Amended Complaint.

78.     Wal-Mart denies each and every allegation contained in paragraph 79 of Plaintiff's First Amended Complaint.

79.     Wal-Mart denies each and every allegation contained in paragraph 80 of Plaintiff's First Amended Complaint.

80.     Wal-Mart denies each and every allegation contained in paragraph 81 of Plaintiff's First Amended Complaint.

81.     As to the allegations contained in paragraph 82 of the First Amended Complaint, Wal-Mart responds that it states a legal conclusion for which no response is required.

## COUNT 6 NEGLIGENCE
### (Wal-Mart Defendants)

82.     With respect to paragraph 83 of Plaintiff's First Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 81 of its Answer to Plaintiff's First Amended Complaint.

83.     Without product identification, Wal-Mart is unable to admit or deny whether it owed consumers the duty of reasonable care in its marketing, distribution and sale of "Subject

Gas Can" and therefore deny the same.  Wal-Mart admits that there are certain duties imposed by operation of law, but deny that paragraph 84 of Plaintiff's First Amended Complaint correctly alleges such duties.

84.    Wal-Mart denies each and every allegation contained in paragraph 85 of Plaintiff's First Amended Complaint including all subparagraphs.

85.    Wal-Mart denies each and every allegation contained in paragraph 86 of Plaintiff's First Amended Complaint.

86.    Wal-Mart denies each and every allegation contained in paragraph 87 of Plaintiff's First Amended Complaint.

## COUNT 7 PIERCING THE CORPORATE VEIL
### (Kinderhook Defendants)

87.    Wal-Mart responds that paragraphs 88 through 116 of the First Amended Complaint make no mention of Wal-Mart and therefore no response is required.

## CAUSATION AND DAMAGES

88.     With respect to paragraph 117 of Plaintiff's First Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 86 of its Answer to Plaintiff's First Amended Complaint.

89.    Wal-Mart admits Plaintiff seeks damages as set out in paragraph 118 of Plaintiff's First Amended Complaint.  Wal-Mart denies that any of Plaintiff's alleged injuries or damages was directly or proximately caused by any alleged act or omission of Wal-Mart and denies that it is liable to Plaintiff for damages.

## PRAYER

90.    Wal-Mart denies Plaintiff is entitled to the relief sought in her prayer.

## ALLEGATIONS NOT EXPRESSLY ADMITTED

91.     Wal-Mart denies any and all allegations of Plaintiff's First Amended Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

In further response to the allegations in Plaintiff's First Amended Complaint, Wal-Mart asserts the following affirmative defenses:

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants affirmatively reserve the right to assert defenses against Plaintiff and others for any failure to preserve the subject plastic portable consumer fuel container and/or documentation pertaining to the sale of the subject matter.

### THIRD DEFENSE

No act or omission on the part of Wal-Mart either caused or contributed to any alleged injury or damage Plaintiff may have sustained.

### FOURTH DEFENSE

Acts or omissions of Plaintiff equaled or exceeded any fault allegedly attributable to Defendants, and therefore Plaintiff cannot recover against Wal-Mart.

### FIFTH DEFENSE

Wal-Mart alleges immunity under M.S.A.    541.41 as to a strict liability in tort contention.

**SIXTH DEFENSE**

Assuming the gasoline container described in Plaintiff's First Amended Complaint was a Blitz container sold at a Wal-Mart store, it was misused and such misuse was the sole cause of the incident.  Additionally, the actions of the Plaintiff constituted a failure to mitigate the risks associated with the actions of the Plaintiffs.

**SEVENTH DEFENSE**

Assuming the gasoline container described in Plaintiff's First Amended Complaint was a Blitz container sold at a Wal-Mart store, the gasoline container was not in the same condition at the time of the events, injuries, and damages alleged, as when it left the custody and possession of Wal-Mart; and any allegedly defective condition in the container was the result of Plaintiff's misuse, abuse, and modification of the product.

**EIGHTH DEFENSE**

Plaintiff's own negligent conduct in pouring gasoline to ignite a charcoal fire was the sole and proximate cause of Plaintiff's injuries and damages.

**NINTH DEFENSE**

Plaintiff may not recover against Wal-Mart because Plaintiff's injuries were caused by Plaintiff's own actions and/or by the actions of other entities unrelated to Defendants.

**TENTH DEFENSE**

Assuming the gasoline container described in Plaintiff's First Amended Complaint was a Blitz container sold at a Wal-Mart store, the container conformed to the customary designs, methods, standards and techniques of manufacturing, inspecting, and certification as performed by other manufacturers or distributors of similar products.

**ELEVENTH DEFENSE**

Assuming the gasoline container described in Plaintiff's First Amended Complaint was a Blitz container sold at a Wal-Mart store, it complied with all applicable industry safety standards. Any dangers associated with the product complained of were open and obvious.

**TWELFTH DEFENSE**

The Plaintiff assumed the known risk of pouring gasoline to ignite a charcoal fire and it was that act alone that caused their injuries and damages.

**THIRTEENTH DEFENSE**

Assuming the gasoline container described in Plaintiff's First Amended Complaint was a Blitz container sold at a Wal-Mart store, the container was free of any defect when it allegedly left a Wal-Mart store.

**FOURTEENTH DEFENSE**

Assuming the gasoline container described in Plaintiff's First Amended Complaint was a Blitz container sold at a Wal-Mart store, the container was not defective or unreasonably dangerous.

**FIFTEENTH DEFENSE**

Pursuant to the Supremacy Clause of the United States Constitution and applicable federal law, certain claims set forth in Plaintiff's First Amended Complaint are preempted.

**SIXTEENTH DEFENSE**

Investigation and discovery in this case has not yet begun.  Wal-Mart reserves the right to amend its Answer and assert any and all appropriate defenses, including affirmative defenses, counterclaims, cross-claims, or claims for affirmative relief against other parties, applicable under the facts presented or discovered.

## **PRAYER**

WHEREFORE, having fully answered Plaintiff's First Amended Complaint in this matter, Defendants respectfully pray:

a.      That Plaintiff's claims be dismissed;

b.      That Plaintiff take nothing by reason of this suit;

c.      That Defendants recover their costs;

d.      For trial by jury; and

e.      For any such further relief to which it may be entitled.

Dated this 21st day of March, 2012.

/s/ Ronald H. McLean
Ronald H. McLean (MN #0148076)
Kasey D. McNary (MN #390937)
SERKLAND LAW FIRM
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
Telephone: (701) 232-8957
ATTORNEYS FOR DEFENDANTS
WAL-MART STORES, INC.,
WAL-MART STORES EAST, LP, AND
WAL-MART STORES EAST, INC.