UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robyn Smith for Devan VanBrunt, a minor,
by his mother and natural guardian,

                Plaintiff,

                                    Civ. No. 11-1771 (RHK/LIB)
v.                                     **ORDER**

Blitz U.S.A., Inc., *et al.*,

                Defendants.

---

        This matter is before the Court *sua sponte*.

        This is a personal-injury action in which Plaintiff's son purportedly was injured by the explosion of a gas can manufactured by Defendant Blitz U.S.A., Inc. ("Blitz") and purchased at a Wal-Mart store. Plaintiff commenced this action in June 2011 in the Clay County, Minnesota District Court, naming as Defendants (1) Blitz and (2) Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc. (collectively, "Wal-Mart"). Invoking diversity jurisdiction, Defendants timely removed the action to this Court.

        In November 2011, Blitz filed for bankruptcy, rendering the claims against it automatically stayed under 11 U.S.C. § 362. Shortly thereafter, Plaintiff moved for leave to amend her Complaint to add as Defendants Kinderhook Capital Fund II, L.P. (the "Fund") and Kinderhook Industries, LLC ("Kinderhook," and together with the Fund, the "Kinderhook Entities"), which she alleged were the "corporate entities that have been used to funnel the corporate assets and profits out of" Blitz. (Doc. No. 26 at 2.) The

proposed Amended Complaint contained detailed allegations regarding the relationship between Blitz and the Kinderhook Entities, against which Plaintiff intended to assert a claim for piercing the corporate veil. (See Proposed Am. Compl. ¶¶ 88-116 (Doc. No. 26, Ex. A).) As no opposition was filed, the Magistrate Judge granted the Motion on March 2, 2012. (See Doc. No. 60.) Plaintiff then filed her First Amended Complaint, invoking diversity jurisdiction under 28 U.S.C. § 1332 and naming as Defendants Blitz, Wal-Mart, and the Kinderhook Entities. (Doc. No. 61.)

The First Amended Complaint, however, has left it unclear whether diversity jurisdiction remains over this case. Plaintiff has adequately pleaded that she is (and her son is) a citizen of Minnesota, that Blitz is a citizen of Oklahoma, and that Wal-Mart is a citizen of Delaware and Arkansas. (See First Am. Compl. ¶¶ 5-7.) But the First Amended Complaint also asserts claims against (1) the Fund, which is alleged to be a "limited partnership organized under the laws of Delaware with its principal place of business in New York, New York" (Doc. No. 83, ¶ 4; accord First Am. Compl. ¶ 8), and (2) Kinderhook, which is alleged to be a "Delaware limited liability company with its principal place of business in New York, New York" (Doc. No. 83, ¶ 3; accord First Am. Compl. ¶ 8). Yet, the citizenship of a limited partnership is determined by that of its general and limited partners, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990), and the citizenship of a limited liability company is determined by that of its members, OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Because the First Amended Complaint provides no information regarding the Fund's

partners or Kinderhook's members, it is impossible to discern whether diversity jurisdiction continues to exist in this case. And in the absence of subject-matter jurisdiction, the Court cannot proceed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that, on or before May 23, 2012, Plaintiff shall serve and file a new Amended Complaint pleading with specificity the citizenship of all parties. As noted above, that requires her to, *inter alia*, identify and plead the citizenship of each of the Fund's partners and each of Kinderhook's members.[1]

Date: May 10, 2012          s/Richard H. Kyle
                                                                                  RICHARD H. KYLE
                                                                                     United States District Judge

---

[1] If the new Amended Complaint reveals that adding the Kinderhook Entities to this case would destroy diversity jurisdiction, the Court will revisit its decision granting Plaintiff leave to amend. The Eighth Circuit has counseled that "when a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity," the amendment "should be considered a nullity and the Court given an opportunity to consider whether justice requires that [the plaintiff] be permitted to join [the additional] defendant." Bailey v. Bayer CropScience, L.P., 563 F.3d 302, 307 (8th Cir. 2009). That is consistent with 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action."