## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Robyn Smith for Devan VanBrunt, a minor,
by his mother and natural guardian,

                Plaintiff,

                                          Civ. No. 11-1771 (RHK/LIB)
v.                                           **ORDER**

Blitz U.S.A., Inc., *et al.*,

                Defendants.

      This matter is before the Court *sua sponte*.

      By Order dated May 10, 2012 (Doc. No. 84), the Court ordered Plaintiff to file – on or before May 23, 2012 – a new Amended Complaint "pleading with specificity the citizenship of all parties" in this case, including "identify[ing] and plead[ing] the citizenship of" each of the partners/members of recently added Defendants Kinderhook Capital Fund II, L.P. and Kinderhook Industries, LLC (the "Kinderhook Entities"). The Court noted, in the absence of such information, that it cannot ascertain whether there exists diversity jurisdiction in this case.

      On May 17, 2012, Plaintiff's counsel wrote the Court, seeking expedited jurisdictional discovery because Plaintiff was having difficulty ascertaining the identity and citizenship of each Kinderhook Entity's partners/members. (Doc. No. 85.) Counsel for the Kinderhook Entities responded the following day, noting that he would "work with Plaintiff to ensure that Plaintiff is able to respond to the Court's order in a timely fashion." (Doc. No. 86.) By letter from counsel later that day, however, the Kinderhook

Entities informed Plaintiff only that: (1) "Kinderhook Industries, LLC is comprised of three members. No member is a resident of the state of Minnesota"; and (2) "Kinderhook Capital Fund II, L.P., is comprised of multiple limited partners. More than one limited partner is a resident of the state of Minnesota." (Doc. No. 87 Ex. A.) In light of these representations, Plaintiff has renewed her request for jurisdictional discovery, asserting that the information provided by the Kinderhook Entities does not suffice. (Doc. No. 87.) The Court agrees.

The Court previously ordered Plaintiff to plead "with specificity" the citizenship of the Kinderhook Entities, including "identify[ing] and plead[ing] the citizenship of" each of the partners/members thereof. That directive was consistent with guidance from the Eighth Circuit. See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990) (complaint failed to properly plead diversity jurisdiction when it failed to allege the citizenship of each partner of a limited partnership). Yet, the information provided neither identifies the partners/members of the Kinderhook Entities nor indicates their state(s) of citizenship. Moreover, the suggestion that Plaintiff can adequately allege diversity based on the assertion that "[n]o member [of Kinderhook Industries, LLC] is a resident of the state of Minnesota" is incorrect. See Cameron v. Hodges, 127 U.S. 322, 324-25 (1888) (Arkansas citizen alleging that "none of the complainants are . . . citizens of said State of Arkansas" was insufficient to invoke diversity jurisdiction).

Nevertheless, the Court does not believe that a short period of jurisdictional discovery (and the wrangling it will inevitably entail) would be appropriate; it is far better

for all involved to resolve the jurisdictional issue sooner rather than later.  Accordingly, the Court will order the Kinderhook Entities to identify their partners/members and their states of citizenship in order to allow Plaintiff to adequately allege the facts necessary to jurisdiction.  And as the Court previously noted, if in fact diversity is lacking (as the information proffered by the Kinderhook Entities appears to suggest), the Court will revisit the decision granting Plaintiff leave to add those parties to this case.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1.  On or before June 4, 2012, the Kinderhook Entities shall provide Plaintiff with the following information:  (1) the identity of each partner of Kinderhook Capital Fund II, L.P., and each member of Kinderhook Industries, LLC; and (2) each partner's/member's state(s) of citizenship.  This means that if a partner/member is a corporation, its state of incorporation and the location of its principal place of business shall be specified. See 28 U.S.C. 1332(c).  Similarly, if a partner/member is some other artificial entity (such as a partnership or limited-liability company), the identity of each partner/member of that entity and the partner's/member's state(s) of citizenship shall be specified.  See Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships.  A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships."); Wright v. JPMorgan Chase Bank, NA, No. 09-cv-482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) (same);

2. The deadline for Plaintiff to file a new Amended Complaint, as set forth in the Court's May 10, 2012 Order, is **CONTINUED** to June 11, 2012. On or before that date, Plaintiff shall file a new Amended Complaint pleading with specificity the citizenship of all parties, including the Kinderhook Entities. If the new Amended Complaint reveals that addition of the Kinderhook Entities to this case would destroy diversity jurisdiction, the Court will revisit the decision granting Plaintiff leave to amend. See Bailey v. Bayer CropScience, L.P., 563 F.3d 302, 307 (8th Cir. 2009) ("[W]hen a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity," the amendment "should be considered a nullity and the Court given an opportunity to consider whether justice requires that [the plaintiff] be permitted to join [the additional] defendant."); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action."); and

3. Briefing on the Kinderhook Entities' Motion to Dismiss (Doc. No. 74) is **STAYED** pending further Order of the Court. The hearing on the Motion, currently scheduled for June 18, 2012, is **CANCELED**.

Date: May 21, 2012  
                  s/Richard H. Kyle  
                  RICHARD H. KYLE  
                  United States District Judge