# EXHIBIT NO. 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
### FERGUS FALLS DIVISION

| | |
|---|---|
| ROBYN SMITH for DEVAN VANBRUNT, a Minor, by his Mother and Natural Guardian, | ) Case No.: 0:11-cv-01771 |
| | ) |
| | ) JUDGE KYLE |
| Plaintiff, | ) |
| | ) MAGISTRATE BRISBOIS |
| vs. | ) |
| | ) |
| BLITZ U.S.A. INC.,  WAL-MART STORES, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., and KINDERHOOK CAPITAL FUND II, L.P. and KINDERHOOK INDUSTRIES, LLC, | ) PLAINTIFF'S FIRST REQUEST ) FOR PRODUCTION OF ) DOCUMENTS TO KINDERHOOK ) CAPITAL FUND II, L.P. |
| | ) |
| Defendants. | ) DEMAND FOR JURY TRIAL |

TO:   KINDERHOOK CAPITAL FUND II, L.P., by and through its counsel of record, Seth J S Leventhal, Esq., LEVENTHAL PLLC, 2100 Rand Tower, 527 Marquette Avenue South, Minneapolis, MN 55402; Timothy P. Harkness, Esq. & Pamila Gudkov, Esq. FRESHFIELDS BRUCHHAUS DERINGER, 601 Lexington Avenue, 31st Floor, New York, NY 10022.

COMES NOW Plaintiff, Robyn Smith for Devan VanBrunt, a Minor, by his Mother and Natural Guardian, by and through the undersigned counsel, and pursuant to Rule 26(b) and Rule 34 of the Federal Rules of Civil Procedure and the Pretrial Order governing this litigation [Docket No. 21], hereby requests that Defendant Kinderhook Capital Fund II, L.P. produce and permit Plaintiff's attorneys, or anyone acting on Plaintiff's behalf, to inspect, sample, test, photograph and/or copy the below-designated and requested documents or tangible things.

Your response to these requests must be served upon the Plaintiff within thirty (30) days receipt of these requests.  All objections to the following requests must also be served upon Plaintiff within thirty (30) days after receipt of these requests. You are further notified that pursuant to the Federal Rules of Civil Procedure, you are required to produce those items



requested which are in any other person or third party's custody or control if you have a right to compel the transfer of those items to you.

Pursuant to Fed. R. Civ. P. 26(e), these requests for production shall be deemed to be continuing.  If, after answering these requests for production and before the completion of the trial of this matter, information, documents, and/or electronically stored information are discovered by or become known to you or your attorney or to anyone acting on your behalf that would change or add to the responses provided or documents produced, you shall supplement your previous responses and produce any additional responsive documents in accordance with Fed. R. Civ. P. 26.

DATED this 3rd day of April, 2012.

By:

Hank Anderson,
Texas Bar No. 01220500
THE ANDERSON LAW FIRM
4245 Kemp Blvd., Suite 810
Wichita Falls, Texas 76308
Phone: (940) 691-7600
Fax: (940) 228-3194
*Admitted Pro Hac Vice*

Michael Strom, No. 170082
SIEBEN POLK, P.A.
1640 Frontage Road, Suite 200
Hastings, MN 55033

Daniel S. Haltiwanger, Esq.
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
1750 Jackson Street
Barnwell, SC 29812
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

2

## I.  FORMAT OF PRODUCTION

### A.  Electronically Stored Information

Pursuant to Fed. R. Civ. P. 34(b)(1)(C), Plaintiff requests that all electronically stored information responsive to these requests for production be produced in their native format along with their associated metadata intact.[1] If the Defendant objects to this format specification, it shall promptly notify the Plaintiff so the parties can meet and confer *prior* to the production of any electronically stored information by the Defendant.

### B.  Hard Copy Documents

Pursuant to Fed. R. Civ. P. 34(b)(2)(E), Plaintiff requests that all hard-copy documents be produced in Portable Document Format (PDF) version 1.6. If the Defendant objects to this format specification, it shall promptly notify the Plaintiff so the parties can meet and confer *prior* to the production of any hard-copy documents by the Defendant.

## II.  DEFINITIONS

For the purposes of these requests for production, the following terms should be interpreted as follows:

1.      The term "documents" means all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of notation made on such copies or otherwise, including without limitation distribution agreements, letters of intent, correspondence,  electronically stored information, memoranda, notes, diaries, statistics, letters,

---

[1] "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. "Native format" means electronically stored information in the electronic format of the application in which the file/bit-stream is normally created, viewed and/or modified.

telegrams, minutes, contracts, reports, studies, work papers, plats, films, tapes, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or any sort of conversation, ledgers, invoices, contracts, billings, drawings, sketches, photographs, applications, financial statements, bank statements, bank debit and credit memoranda, loan ledgers, promissory notes, security agreements, deeds or trust, financing statements, records of any special or expense accounts, and any and all other writings, typings, printings or drafts or copies of reproductions thereof, irrespective of form, in your possession, custody or control.

   2.  The terms "you," "your," or "Defendant" include Kinderhook Capital Fund II, L.P., its agents, employees, consultants, attorneys, or any other past or present consultants or advisors to Kinderhook Capital Fund II, L.P.

**III.** **INSTRUCTIONS**

1.  In responding to this written discovery, Kinderhook Capital Fund II, L.P. is to give these requests a reasonable construction in conformity with the commonly understood meaning of the terms used. If the Defendant wishes to clarify its answers, it may include any reasonable definition of a term or phrase at issue. Additionally, if the Defendant finds any of the terms used in these requests it contends are vague or ambiguous, Kinderhook Capital Fund II, L.P. shall specifically show such vagueness and/or ambiguity at issue.

2.  In responding to this written discovery, if Kinderhook Capital Fund II, L.P. claims that any request herein is overly broad and/or unduly burdensome, the Defendant has the obligation to provide sufficient detail and explanation about the nature of the burden in terms of money, time and procedure which would be required to provide the requested information to enable the Court to make an appropriate determination.

3.      The documents and electronically stored information sought in these requests are to be understood as requesting only those documents and electronically information that are not privileged. Any documents and electronically stored information that are responsive but shielded from discovery by a legally recognized privilege, Kinderhook Capital Fund II, L.P. is required to provide Plaintiff with a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A) at the time of production identifying the specific request the privilege log entry is responsive to.

4.      Pursuant to Fed. R. Civ. P. 34, Kinderhook Capital Fund II, L.P. is required to answer these requests to the extent a request is not objectionable.

5.      Any objection made by Kinderhook Capital Fund II, L.P. to these requests must be made with specificity, and provide sufficient detail, explanation and support for its objections.

## REQUESTS FOR PRODUCTION TO KINDERHOOK CAPITAL FUND II, L.P.

**REQUEST NO. 1:**  All insurance agreements and/or policies with the declaration page, including primary and excess, which may provide coverage to Kinderhook Capital Fund II, L.P. for this action, together with any documentation relating to any payments made pursuant to those polices and/or agreements which will or may reduce or erode amounts available for payment in this case.

**RESPONSE:**

**REQUEST NO. 2:** A complete copy of all indemnity agreements and/or operating agreements between Kinderhook Capital Fund II, L.P and LAM 2011 Holdings, LLC (f/k/a Blitz Holdings, LLC) beginning from September 1, 2007 through January 1, 2012.

**RESPONSE:**

**REQUEST NO. 3:** A complete copy of Kinderhook Capital Fund II, L.P.'s I.R.S. tax filings for the years of 2007 through 2011.

**RESPONSE:**

**REQUEST NO. 4:**  Any documents, correspondence, payments, bank drafts, and/or accounting records evidencing any payments to Kinderhook Capital Fund II, L.P by LAM 2011 Holdings, LLC (f/k/a Blitz Holdings, LLC) beginning from September 21, 2007 through December 1, 2011.

**RESPONSE:**

**REQUEST NO. 5:**  Any credit agreements, loan agreements, letters of credit, and/or contracts between Kinderhook Capital Fund II, L.P. and the Bank of Oklahoma, N.A. beginning from September 1, 2007 through February 1, 2012.

**RESPONSE:**

**REQUEST NO. 6:**  A complete copy of any Board of Directors meeting minutes as well as any resolutions adopted by LAM 2011 HOLDINGS, LLC (f/k/a Blitz Holdings, LLC) beginning from January 1, 2010 through March 1, 2012.

**RESPONSE:**

**REQUEST NO. 7:** A complete copy of all indemnity agreements and/or operating agreements between Kinderhook Capital Fund II, L.P and Kinderhook Industries, LLC beginning from January 1, 2007 through January 1, 2012.

**RESPONSE:**

**REQUEST NO. 8:**  Any documents, e-mails or correspondence regarding the formation of F3 Brands, LLC beginning from May 1, 2011 through November 8, 2012.

**RESPONSE:**

**REQUEST NO. 9:**  Any records of payment for Kinderhook Capital Fund II, L.P.'s interest in LAM 2011 HOLDINGS, LLC (f/k/a Blitz Holdings, LLC) September 1, 2007 through March 1, 2012.

**RESPONSE:**

**REQUEST NO. 10:**  Any documents, contracts, and records relating to any loans Kinderhook Capital Fund II, L.P. guaranteed on behalf LAM 2011 HOLDINGS, LLC (f/k/a Blitz Holdings, LLC) beginning from September 1, 2007 through March 1, 2012.

**RESPONSE:**

**REQUEST NO. 11:**  Any documents, correspondence, payments, bank drafts, and/or accounting records evidencing payment of board fees by LAM 2011 Holdings, LLC (f/k/a Blitz Holdings, LLC) to any individual employed by Kinderhook Capital Fund II, L.P beginning from September 1, 2007 through December 1, 2011.

**RESPONSE:**