# Freshfields Bruckhaus Deringer US LLP

**TIMOTHY P. HARKNESS**
601 Lexington Avenue
31st Floor
New York, NY 10022
Tel +1 212 230 4610
Fax +1 646 465 7410
timothy.harkness@freshfields.com

**VIA ECF**

June 1, 2012

Honorable Judge Richard H. Kyle
United States District Court
District of Minnesota
772 Federal Building
316 N. Robert Street
St. Paul, MN 55101

Re:   *Robyn Smith, et al. v. Blitz USA., Inc., et al.* (Case No. 0:11-cv-01771)

Dear Judge Kyle:

On June 1, 2012, Kinderhook Industries, LLC and Kinderhook Capital Fund II, L.P. (the "Kinderhook Defendants") made an initial production in compliance with your May 21, 2012 order [Docket No. 89]. The production was comprised of two parts: a list of all Kinderhook Industries, LLC members and their residences (none are citizens of Minnesota for diversity purposes) and a list of the Kinderhook Capital Fund II, L.P. limited partners who we believe are or who appear to be Minnesota citizens for purposes of diversity. In addition, we have also produced documentation that substantiates the legal citizenship assertions we are making with regard to Minnesotan investors in the Kinderhook Fund.

We write to request that the Court relieve the Kinderhook Defendants from further complying with the May 21, 2012 order, or to limit the extent of any further disclosure. We make this request for three reasons.

First, and most obviously, our June 1, 2012 production answers the question the Court has posed: whether Plaintiff can plead diversity of citizenship with regard to the Kinderhook Defendants. With regard to Kinderhook Industries, LLC, Plaintiff can plead diversity. As a limited liability company, the citizenship of Kinderhook Industries, LLC is determined by the citizenship of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir.

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany

Abu Dhabi  Amsterdam  Bahrain  Barcelona  Beijing  Berlin  Brussels  Cologne  Dubai  Düsseldorf  Frankfurt am Main  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  London  Madrid  Milan  Moscow  Munich  New York  Paris  Rome  Shanghai  Tokyo  Vienna  Washington

2007). Because each member of Kinderhook Industries, LLC is a natural person, the citizenship of each member for diversity purposes "is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768-69 (8th Cir. 2005). As set forth in the June 1, 2012 production, each of the members of Kinderhook Industries, LLC has a permanent residence outside the state of Minnesota. Each member of Kinderhook Industries, LLC intends to remain at that address indefinitely. Because each of the members of Kinderhook Industries, LLC is domiciled outside the state of Minnesota, Kinderhook Industries, LLC is not a Minnesota citizen for purposes of diversity.

With regard to Kinderhook Capital Fund II, L.P., Plaintiff cannot plead diversity. As a limited partnership, the citizenship of Kinderhook Capital Fund II, L.P. is determined by the citizenship of its partners. *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As set forth in the June 1, 2012 production, among the limited partners of Kinderhook Capital Fund II, L.P. are several entities and natural persons that we understand to have Minnesota citizenship for purposes of diversity. Each of these investors was a limited partner of Kinderhook Capital Fund II, L.P. at the time that the motion to amend the complaint was filed. The June 1, 2012 production provides publicly available information supporting the assertions regarding the legal citizenship of these investors. No further production is necessary to answer the fundamental question the Court presented.

Second, the information ordered to be disclosed is highly sensitive to the Kinderhook Defendants. The confidential nature of private equity investment is a large part of its allure. Even though a protective order is now in place, inadvertent public disclosure is still possible and any public disclosure of this information could materially harm the Kinderhook Defendants' ability to conduct business in the future.

Third, providing all of the information the Court has ordered would be very burdensome. Kinderhook Capital Fund II, L.P. does not collect information about the legal citizenship of its investors, so collecting such information is time consuming and in many cases extraordinarily difficult, if not impossible. We have been able to provide such information for the Minnesotan investors only through research of public records. Alleviating this burden is another reason to limit the Kinderhook Defendants' further production of information.

3|3

For these reasons, we respectfully request that the Court relieve the Kinderhook Defendants from their obligation to further provide information to Plaintiffs concerning the identities of Kinderhook Capital Fund II, L.P.'s non-Minnesotan limited partners. In the alternative, the Kinderhook Defendants request that they be allowed to list the additional limited partners of Kinderhook Capital Fund II, L.P. with generic descriptions (*e.g.*, natural person, limited liability company, corporation, etc.) and the city and state (or country, as the case may be) where the Kinderhook Defendants believe each limited partner to be located.

Respectfully,

*Timothy P. Harkness* /MG

Timothy P. Harkness