UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robyn Smith for Devan Vanbrunt, a
Minor, by his mother and natural
guardian,

                 Plaintiff,

       vs.                                       AMENDED PRETRIAL ORDER

Blitz U.S.A., Inc., Wal-Mart Stores,
Inc,, Wal-Mart Stores East, LP, and
Wal-Mart Stores East, Inc., and
Kinderhook Capital Fund II, L.P.,
and Kinderhook Industries, L.L.C,

                Defendants.                Civ. No. 11-1771 (RHK/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pursuant to a Stipulation of the parties [Docket No. 106] filed June 7, 2012[1], and in

accordance with provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this

Court, to administer the course of this litigation in a manner which promotes the interests of justice,

economy and judicial efficiency, upon good cause having been shown, the following Amended

Pretrial Order will hereafter govern these proceedings.[2]  **The Schedule may be further modified**

---

[1]The defendants Kinderhook Capital Fund II, L.P. and Kinderhook Industries, L.L.C., had
filed and argued to this Court, a motion for extension of time [Docket No. 78] under the previous
Pretrial Order, but in light of the parties Stipulation and this Order, the motion for extend time has
been withdraw [Docket No. 108] and it is stricken from this Court's calendar.

     [2]**Pursuant to the directive of the Honorable Richard H. Kyle, all deadlines are to be the
1st day of the month, even if the 1st falls on a weekend or Holiday.**

**only upon formal Motion heard in open court and a showing of good cause as required by Local Rule 16.3**.

**Counsel shall also comply with the Electronic Case Filing Procedures For The District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004**.

THEREFORE, It is --

ORDERED:

### I.

That an Amended Complaint shall be served by Plaintiff no later than **June 11, 2012**.

### II.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be compled on or before **July 11, 2012**.  The period during which the parties may conduct discovery shall terminate on **June 1, 2013**.  Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Order.  No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized.  However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

### III.

That all Motions which seek to further amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **October 1, 2012**.

IV.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **July 1, 2013**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Leo I.Brisbois. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and the Electronic Case Filing Procedures for the District of Minnesota.  No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

V.

That no more than **50** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party.

VI.

That no more than **15** depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.  Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify.  The disclosure shall be accompanied by a written report prepared and signed by the expert witness.  As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a.      The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b.      The compensation to be paid for the study and testimony;

c.      A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d.      A complete statement of all opinions to be expressed and the basis and reasons therefor;

e.      The data or other information considered by the witness in forming the opinions; and

f.      Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **December 1, 2012**.  The Defendants' disclosures shall be made on or before **February 1, 2013**.  That any rebuttals shall be made on or before **March 1, 2013**.

## VIII.

That the parties **do** contemplate taking expert depositions.  No more than **five (5)** experts may be deposed by any party without prior Order of the Court.  Expert depositions must be completed by **June 1, 2013**.

## IX.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.  Any Kinderhook entity (including Kinderhook Industries,

LLC and Kinderhook Capital Fun II, L.P.) that is a party to this action following the filing of the Amended Complaint shall file promptly any desired motion to dismiss.  Any Kinderhook entity that remains in the case after that motion to dismiss is decided shall respond to discovery requests within **30 days** after the motion to dismiss is decided.

X.

That all dispositive Motions shall be served, filed and **HEARD** on or before **August 1, 2013**. All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b) and the Electronic Case Filing Procedures for the District of Minnesota.  Counsel are given notice that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar. Counsel are also forewarned that the dispositive Motion deadline date and the Trial date **will not** be changed.

XI.

That this case shall be ready for Trial on **November 1, 2013**[3], or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **Jury** Trial calendar.

BY THE COURT:

DATED: June 15, 2012                    s/Leo I. Brisbois
                                        Leo I.  Brisbois
                                        U.S. MAGISTRATE JUDGE

---

[3]**THIS DATE IS NOT A TRIAL SETTING DATE**.  The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar.  The above date is merely a notice to all parties to consider the case ready for trial as of this date.  **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**.