IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
<u>FERGUS FALLS DIVISION</u>

| | |
|---|---|
| ROBYN SMITH for DEVAN VANBRUNT, a Minor, by his mother and natural guardian,<br><br>Plaintiff,<br><br>v.<br><br>BLITZ U.S.A., INC., WAL-MART STORES, INC., and KINDERHOOK INDUSTRIES, LLC,<br><br>Defendants. | Case No.: 0:11-cv-01771-RHK-LIB<br><br>**DEFENDANT WAL-MART STORES, INC.'S ANSWER TO SECOND AMENDED COMPLAINT** |

COMES NOW Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") for its response to Plaintiff's Second Amended Complaint, responds as follows:

## PARTIES

1.  Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Second Amended Complaint and therefore denies the same.

2.  Wal-Mart responds that paragraph 2 of the Second Amended Complaint makes no allegation against Wal-Mart and therefore no response is required.

3.  Wal-Mart admits that Blitz designed, manufactured, and placed Blitz Model #50833 five-gallon containers into the stream of commerce. Wal-Mart denies the rest of the averments in paragraph 3 of the Second Amended Complaint.

4.  As to the allegations in paragraph 4 of the Second Amended Complaint, Wal-Mart admits Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. Wal-Mart admits they may be served with process by serving their registered agent at the address indicated.

5. Wal-Mart responds that paragraph 5 of the Second Amended Complaint makes no allegation against Wal-Mart and therefore no response is required.

## VENUE & JURISDICTION

6. Wal-Mart responds that paragraph 8 of the Second Amended Complaint states legal conclusions to which no response is required.

7. Wal-Mart responds that paragraph 9 of the Second Amended Complaint states a legal conclusion to which no response is required.

8. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Second Amended Complaint and therefore denies the same.

9. Wal-Mart responds that paragraph 11 of the Second Amended Complaint states legal conclusions to which no response is required.

10. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint and therefore denies the same.

11. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint and therefore denies the same.

12. Wal-Mart responds that paragraph 14 of the Second Amended Complaint states legal conclusions to which no response is required.

13. Wal-Mart responds that paragraph 15 of the Second Amended Complaint makes no allegation against Wal-Mart and therefore no response is required.

## FACTUAL BACKGROUND

14. Wal-Mart is unable to admit or deny whether the "Subject Gas Can" was designed, manufactured or sold as alleged in paragraph 16 of Plaintiff's Second Amended Complaint and therefore denies the same.

15. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Complaint and therefore denies the same.

16. Wal-Mart denies that any of Plaintiff's injuries or damages was proximately caused by any alleged act or omission of Wal-Mart as alleged in paragraph 18 of the Second Amended Complaint.

17. Wal-Mart is unable to admit or deny paragraph 19 of Plaintiff's Second Amended Complaint which alleges that the "Subject Gas Can" was designed, manufactured, assembled, marketed, distributed and sold as alleged and therefore denies the same. Wal-Mart denies that any of Plaintiff's injuries or damages was proximately caused by any alleged act or omission of Wal-Mart.

18. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint and therefore denies the same. Wal-Mart denies that Devan VanBrunt, by pouring gasoline to be used in the ignition of a charcoal grill, was utilizing the Subject Gas Can in an ordinary and reasonable manner in which the Subject Gas Can was intended and reasonably expected to be used.

19. Wal-Mart denies each and every allegation of paragraph 21 of the Second Amended Complaint.

20. Wal-Mart denies each and every allegation contained in paragraph 22 of Plaintiff's Second Amended Complaint.

21. Wal-Mart denies each and every allegation contained in paragraph 23 of Plaintiff's Second Amended Complaint. Additionally, Wal-Mart notes that as early as 1978, the Consumer Product Safety Commission reviewed the issue of flame arrestors and determined not to impose such requirements as, in the accidents they examined, "the design of the cans did not contribute substantially to the accident sequence." Wal-Mart further notes that the gas cans sold at its stores were in conformity with ASTM specifications.

22. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint and therefore denies the same.

23. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint and therefore denies the same.

24. Wal-Mart denies each and every allegation of paragraph 26 of the Second Amended Complaint.

25. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint and therefore denies the same. Wal-Mart denies that any of Plaintiff's injuries or damages was proximately caused by any alleged act or omission of Wal-Mart.

26. Wal-Mart denies each and every allegation contained in paragraph 28 of Plaintiff's Second Amended Complaint.

27. Wal-Mart responds that paragraph 29 of the Second Amended Complaint makes no mention of Wal-Mart and therefore no response is required.

28. Wal-Mart responds that paragraph 30 of the Second Amended Complaint makes no allegation against Wal-Mart and therefore no response is required.

29. Wal-Mart responds that paragraph 31 of the Second Amended Complaint makes no allegation against Wal-Mart and therefore no response is required.

## CAUSES OF ACTION

### COUNT 1 DESIGN DEFECT
(Defendants Blitz U.S.A. Inc.)

30. With respect to paragraph 32 of Plaintiff's Second Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 29 of its Answer to Plaintiff's Second Amended Complaint.

31. The allegations set forth in paragraph 33 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

32. The allegations set forth in paragraph 34 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

33. The allegations set forth in paragraph 35 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

34. The allegations set forth in paragraph 36 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

35. The allegations set forth in paragraph 37 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

36. The allegations set forth in paragraph 38 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

37. The allegations set forth in paragraph 39 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

38. The allegations set forth in paragraph 40 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

39. The allegations set forth in paragraph 41 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

40. The allegations set forth in paragraph 42 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

41. The allegations set forth in paragraph 43 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

42. The allegations set forth in paragraph 44 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

43. The allegations set forth in paragraph 45 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

44. The allegations set forth in paragraph 46 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

45. The allegations set forth in paragraph 47 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

46. The allegations set forth in paragraph 48 of Plaintiff's Second Amended Complaint state a legal conclusion for which no response is required.

### COUNT 2 FAILURE TO WARN
**(Defendant Blitz U.S.A. Inc.)**

47. With respect to paragraph 49 of Plaintiff's Second Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraph 1 through 46 of its Answer to Plaintiff's Second Amended Complaint.

48. The allegations set forth in paragraph 50 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

49. The allegations set forth in paragraph 51 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

50. The allegations set forth in paragraph 52 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

51. The allegations set forth in paragraph 53 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

52. The allegations set forth in paragraph 54 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

53. The allegations set forth in paragraph 55 of Plaintiff's Second Amended Complaint state a legal conclusion for which no response is required.

### COUNT 3 NEGLIGENCE
**(Defendant Blitz U.S.A. Inc.)**

54. With respect to paragraph 56 of Plaintiff's Second Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 53 of its Answer to Plaintiff's Second Amended Complaint.

55. The allegations set forth in paragraph 57 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

56. The allegations set forth in paragraph 58 of Plaintiff's Second Amended Complaint, including all subparagraphs, are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

57. The allegations set forth in paragraph 59 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

58. The allegations set forth in paragraph 60 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

59. The allegations set forth in paragraph 61 of Plaintiff's Second Amended Complaint are not alleged against Wal-Mart. However, to the extent that it could be so construed, Wal-Mart denies the same.

### COUNT 4 STRICT LIABILITY DESIGN DEFECT
**(Defendant Wal-Mart Stores, Inc.)**

60. With respect to paragraph 62 of Plaintiff's Second Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 59 of its Answer to Plaintiff's Second Amended Complaint.

61. Wal-Mart denies each and every allegation contained in paragraph 63 of Plaintiff's Second Amended Complaint.

62. Wal-Mart denies each and every allegation contained in paragraph 64 of Plaintiff's Second Amended Complaint.

63. As to paragraph 65 of the Plaintiff's Second Amended Complaint, Wal-Mart admits that Blitz U.S.A. Inc. gas cans are sold at Wal-Mart stores, but denies the remainder of the allegations as stated in the paragraph.

64. Wal-Mart denies each and every allegation of paragraph 66 of Plaintiff's Second Amended Complaint.

65. Wal-Mart denies each and every allegation contained in paragraph 67 of Plaintiff's Second Amended Complaint.

66. Wal-Mart denies each and every allegation contained in paragraph 68 of Plaintiff's Second Amended Complaint.

67. Wal-Mart denies each and every allegation contained in paragraph 69 of Plaintiff's Second Amended Complaint.

68. Wal-Mart denies each and every allegation contained in paragraph 70 of Plaintiff's Second Amended Complaint.

69. Wal-Mart denies each and every allegation contained in paragraph 71 of Plaintiff's Second Amended Complaint.

70. Wal-Mart denies each and every allegation contained in paragraph 72 of Plaintiff's Second Amended Complaint.

71. Wal-Mart denies each and every allegation contained in paragraph 73 of Plaintiff's Second Amended Complaint.

72. As to paragraph 74 of Plaintiff's Second Amended Complaint, Wal-Mart responds it states a legal conclusion for which no response is required.

## COUNT 5 DUTY TO WARN
### (Defendant Wal-Mart Stores, Inc.)

73. With respect to paragraph 75 of Plaintiff's Second Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 72 of its Answer to Plaintiff's Second Amended Complaint.

74. Wal-Mart denies each and every allegation contained in paragraph 76 of Plaintiff's Second Amended Complaint.

75. Wal-Mart denies each and every allegation contained in paragraph 77 of Plaintiff's Second Amended Complaint.

76. Wal-Mart denies each and every allegation contained in paragraph 78 of Plaintiff's Second Amended Complaint.

77. Wal-Mart denies each and every allegation contained in paragraph 79 of Plaintiff's Second Amended Complaint.

78. Wal-Mart denies each and every allegation contained in paragraph 80 of Plaintiff's Second Amended Complaint.

79. As to the allegations contained in paragraph 81 of the Second Amended Complaint, Wal-Mart responds that it states a legal conclusion for which no response is required.

## COUNT 6 NEGLIGENCE
### (Defendant Wal-Mart Stores, Inc.)

80. With respect to paragraph 82 of Plaintiff's Second Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 79 of its Answer to Plaintiff's Second Amended Complaint.

81. Wal-Mart admits that there are certain duties imposed by operation of law, but deny that paragraph 83 of Plaintiff's Second Amended Complaint correctly alleges such duties.

82. Wal-Mart denies each and every allegation contained in paragraph 84 of Plaintiff's Second Amended Complaint including all subparagraphs.

83. Wal-Mart denies each and every allegation contained in paragraph 85 of Plaintiff's Second Amended Complaint.

84. Wal-Mart denies each and every allegation contained in paragraph 86 of Plaintiff's Second Amended Complaint.

## COUNT 7 PIERCING THE CORPORATE VEIL
### (Kinderhook Industries, LLC)

85. Wal-Mart responds that paragraphs 87 through 112 of the Second Amended Complaint make no mention of Wal-Mart and therefore no response is required.

## CAUSATION AND DAMAGES

86. With respect to paragraph 113 of Plaintiff's Second Amended Complaint, Wal-Mart re-asserts and incorporates herein paragraphs 1 through 85 of its Answer to Plaintiff's Second Amended Complaint.

87. Wal-Mart admits Plaintiff seeks damages as set out in paragraph 114 of Plaintiff's Second Amended Complaint. Wal-Mart denies that any of Plaintiff's alleged injuries or damages was directly or proximately caused by any alleged act or omission of Wal-Mart and denies that it is liable to Plaintiff for damages.

## PRAYER

88. Wal-Mart denies Plaintiff is entitled to the relief sought in her prayer.

## ALLEGATIONS NOT EXPRESSLY ADMITTED

89. Wal-Mart denies any and all allegations of Plaintiff's Second Amended Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

In further response to the allegations in Plaintiff's Second Amended Complaint, Wal-Mart asserts the following affirmative defenses:

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant affirmatively reserves the right to assert defenses against Plaintiff and others for any failure to preserve the subject plastic portable consumer fuel container and/or documentation pertaining to the sale of the subject matter.

## THIRD DEFENSE

No act or omission on the part of Wal-Mart either caused or contributed to any alleged injury or damage Plaintiff may have sustained.

## FOURTH DEFENSE

Acts or omissions of Plaintiff equaled or exceeded any fault allegedly attributable to Defendant, and therefore Plaintiff cannot recover against Wal-Mart.

## FIFTH DEFENSE

Wal-Mart alleges immunity under M.S.A. § 541.41 as to a strict liability in tort contention.

## SIXTH DEFENSE

Assuming the gasoline container described in Plaintiff's Second Amended Complaint was a Blitz container sold at a Wal-Mart store, it was misused and such misuse was the sole cause of the incident. Additionally, the actions of the Plaintiff constituted a failure to mitigate the risks associated with the actions of the Plaintiffs.

### SEVENTH DEFENSE

Assuming the gasoline container described in Plaintiff's Second Amended Complaint was a Blitz container sold at a Wal-Mart store, the gasoline container was not in the same condition at the time of the events, injuries, and damages alleged, as when it left the custody and possession of Wal-Mart; and any allegedly defective condition in the container was the result of Plaintiff's misuse, abuse, and modification of the product.

### EIGHTH DEFENSE

Plaintiff's own negligent conduct in pouring gasoline to ignite a charcoal fire was the sole and proximate cause of Plaintiff's injuries and damages.

### NINTH DEFENSE

Plaintiff may not recover against Wal-Mart because Plaintiff's injuries were caused by Plaintiff's own actions and/or by the actions of other entities unrelated to Defendant.

### TENTH DEFENSE

Assuming the gasoline container described in Plaintiff's Second Amended Complaint was a Blitz container sold at a Wal-Mart store, the container conformed to the customary designs, methods, standards and techniques of manufacturing, inspecting, and certification as performed by other manufacturers or distributors of similar products.

### ELEVENTH DEFENSE

Assuming the gasoline container described in Plaintiff's Second Amended Complaint was a Blitz container sold at a Wal-Mart store, it complied with all applicable industry safety standards. Any dangers associated with the product complained of were open and obvious.

## TWELFTH DEFENSE

The Plaintiff assumed the known risk of pouring gasoline to ignite a charcoal fire and it was that act alone that caused their injuries and damages.

## THIRTEENTH DEFENSE

Assuming the gasoline container described in Plaintiff's Second Amended Complaint was a Blitz container sold at a Wal-Mart store, the container was free of any defect when it allegedly left a Wal-Mart store.

## FOURTEENTH DEFENSE

Assuming the gasoline container described in Plaintiff's Second Amended Complaint was a Blitz container sold at a Wal-Mart store, the container was not defective or unreasonably dangerous.

## FIFTEENTH DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution and applicable federal law, certain claims set forth in Plaintiff's Second Amended Complaint are preempted.

## SIXTEENTH DEFENSE

Investigation and discovery in this case has not yet begun. Wal-Mart reserves the right to amend its Answer and assert any and all appropriate defenses, including affirmative defenses, counterclaims, cross-claims, or claims for affirmative relief against other parties, applicable under the facts presented or discovered.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint in this matter, Defendant respectfully prays:

a.   That Plaintiff's claims be dismissed;

b.     That Plaintiff take nothing by reason of this suit;

c.     That Defendant recover its costs;

d.     For trial by jury; and

e.     For any such further relief to which it may be entitled.

Dated this 25th day of June, 2012.

                                               /s/
Ronald H. McLean (MN #0148076)
Kasey D. McNary (MN #390937)
SERKLAND LAW FIRM
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
Telephone: (701) 232-8957
ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.