## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBYN SMITH for DEVAN VANBRUNT, a Minor, by his Mother and Natural Guardian,<br><br>      Plaintiff,<br><br>v.<br><br>BLITZ U.S.A. INC., WAL-MART STORES, INC., and KINDERHOOK INDUSTRIES, LLC,<br><br>      Defendants. | Court File No.: 0:11-cv-01771<br>(RHK/LIB) |

### DECLARATION OF LOUIS AURELIO, VICE PRESIDENT OF KINDERHOOK INDUSTRIES, LLC, IN SUPPORT OF KINDERHOOK INDUSTRIES, LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

I, Louis Aurelio, Vice President of Kinderhook Industries, LLC, hereby declare under penalty of perjury:

1. I am over the age of eighteen, of sound mind, and otherwise fully competent to render this Declaration. I have personal knowledge of the matters stated herein and they are true and correct. I make this Declaration in support of Kinderhook Industries, LLC's motion for dismissal from the above-captioned matter on the basis that Kinderhook Industries, LLC has no involvement with the product or conduct at issue in this lawsuit.

2. I am Vice President of Kinderhook Industries, LLC, a New York-based private equity firm.

3. Kinderhook Industries, LLC is a Delaware limited liability company with its principal place of business in New York, New York whose business is to manage investment risk through investment vehicles.

4. At all relevant times, Kinderhook Industries, LLC has managed Kinderhook Capital Fund II, L.P., a limited partnership organized under the laws of Delaware with its principal place of business in New York, New York.

5.      Kinderhook Capital Fund II, L.P. is comprised of more than fifty limited partners and one general partner. Kinderhook Industries, LLC is not a partner in Kinderhook Capital Fund II, L.P.

6.      The primary business of Kinderhook Capital Fund II, L.P. is as an investment vehicle.

7.      Neither Kinderhook Industries, LLC nor Kinderhook Capital Fund II, L.P. designs, manufactures, tests, sells, supplies, or advertises the gasoline containers at issue in this lawsuit.

8.      Neither Kinderhook Industries, LLC nor Kinderhook Capital Fund II, L.P. is authorized, or has sought authorization, to do business in the State of Minnesota as a foreign corporation.

9.      Neither Kinderhook Industries, LLC nor Kinderhook Capital Fund II, L.P. has transacted business in the State of Minnesota in connection with the events at issue in the Complaint.

10.     Neither Kinderhook Industries, LLC nor Kinderhook Capital Fund II, L.P. has conducted or solicited business, or engaged in any other persistent course of conduct, or derived any revenue from goods used or consumed or services rendered in Minnesota in connection with the events at issue in the Complaint.

11.     Neither Kinderhook Industries, LLC nor Kinderhook Capital Fund II, L.P. has offices, registered agents, directors, officers, or employees in Minnesota, nor does either entity own or lease property, maintain bank accounts, or maintain an address or telephone listing in Minnesota.

12.     Effective September 21, 2007, Blitz Acquisition, LLC, a limited liability company organized under the laws of Delaware, acquired all of the issued and outstanding capital stock of Blitz U.S.A., Inc. from Crestwood Holdings, Inc., an Oklahoma corporation.

13.     Since September 21, 2007, Blitz U.S.A., Inc. has been a wholly-owned subsidiary of Blitz Acquisition, LLC; Blitz Acquisition, LLC has been a wholly-owned subsidiary of Blitz Acquisition Holdings, Inc., a corporation organized under the laws of Delaware; and Blitz Acquisition Holdings, Inc. has been a wholly-owned subsidiary of Blitz Holdings, LLC (n/k/a LAM 2011 Holdings, LLC), a limited liability company organized under the laws of Delaware. Each of these entities was separately formed.

14. At all relevant times, Kinderhook Capital Fund II, L.P. has owned a majority interest of LAM 2011 Holdings, LLC.

15. Kinderhook Industries, LLC and Kinderhook Capital Fund II, L.P. have at all times maintained a separate and distinct existence from LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, and Blitz U.S.A., Inc.

16. Kinderhook Industries, LLC and Kinderhook Capital Fund II, L.P. conduct operations separately and apart from LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC and Blitz U.S.A., Inc. in separate offices. Blitz U.S.A., Inc. has its own employees.

17. Kinderhook Industries, LLC and Kinderhook Capital Fund II, L.P. maintain bank accounts and keep financial records separate and apart from LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, and Blitz U.S.A., Inc.

18. Kinderhook Industries, LLC and Kinderhook Capital Fund II, L.P. have been, at all times, separate and viable companies from LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, and Blitz U.S.A., Inc. Kinderhook Industries, LLC pays all salaries and expenses for its business, without any reliance on LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC and Blitz U.S.A., Inc.

19. Kinderhook Industries, LLC and Kinderhook Capital Fund II, L.P. do not pay any salaries or expenses for LAM 2011 Holdings, LLC, Blitz Acquisition Holdings, Inc., Blitz Acquisition, LLC, or Blitz U.S.A., Inc.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 13, 2012

*[signature]*
Louis Aurelio