UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ROBYN SMITH for D.V., a Minor,<br>By his Mother and Natural Guardian,<br><br>Plaintiff,<br><br>v.<br><br>BLITZ U.S.A., Inc.; and WAL-MART<br>STORES, INC.,<br><br>Defendants. | Court File No. 0:11-cv-01771 (RHK/LIB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

---

This matter is before the Court upon Plaintiff's petition ("Petitioner") for leave to settle claim for personal injuries to a minor under Minnesota Statute § 540.08. (Doc. Nos. 146, 152). This matter has been referred to the undersigned for resolution pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. (Doc. No. 150). For the reasons set forth below, the Court recommends Plaintiff's Petition (Doc. No. 146, 152) be **GRANTED**.

Based upon all of the files, records, and proceeding herein, **IT IS HEREBY RECOMMENDED** that:

1.  Based upon the comprehensive settlement and release agreement between the parties, the petition for leave to settle under Minnesota Statute § 540.08 is approved. Petitioner and Defendants are authorized to sign all necessary releases and other documents to effectuate the comprehensive settlement between the parties;

2.  The Blitz Personal Injury Trust is authorized to distribute by wire transfer or by check the following settlement funds:

    (a)  Settlement Wire Transfer No. 1 should be made payable to "MetLife Tower Resources Group, Inc." in the amount of $450,000.00 to cover the premium for the

structured settlement annuities and guaranteed, periodic, lump sum payments described in Paragraph Numbers 7-8 of the verified petition, [Docket No. 152].

       (b)    Settlement Check No. 1 should be made payable to "Clerk of Court for the District of Minnesota" in the amount of $338,806.63—and placed in the Registry of the Court until D.V. reaches the age of majority on February 1, 2016;

       (c)    Settlement Wire Transfer No. 2 should be made payable to "Hank Anderson, *Attorney at Law*, IOLTA Trust Account" in the amount of $627,446.37—to cover all attorneys' fees ($471,612.24); costs & disbursements ($57,890.87); settlement of medical costs with Minnesota Medicaid ($90,000.00); Expenses of Robyn Smith ($7,943.26).

3. Petitioner's counsel: the Anderson Law Firm; Richardson, Patrick, Westbrook & Brickman, and Sieben Polk are allowed their attorney fees and expenses in the total sum of $529,503.11, in accordance with and pursuant to the terms of the written, contingent fee representation agreement executed by the Petitioner and reduced from 40% to 33.3% pursuant to Gen. R. Prac. 145.05(c). Petitioner's counsel are further authorized to pay to Minnesota Medicaid as described in Paragraph Number 4 of the verified petition, [Docket No. 152], in the total sum of $90,000.00. Petitioner's counsel are also further authorized to pay to Robyn Smith as described in Paragraph Number 6(g) of the verified petition, [Docket No. 152], in the total sum of $7,943.26.

4. The structured settlement is approved. A structured settlement annuity will be placed with Metropolitan Life Insurance Company, which is rated A+ by A.M. Best, with a financial size category of class XV. The total annuity cost is $450,000. The periodic payments are to be made to D.V. as follows: (i) The first on February 1, 2019, a guaranteed lump sum of $150,000.00; (ii) The second on February 1, 2023, a guaranteed lump sum of $250,000.00; and

(iii) The third and final on February 1, 2028, a guaranteed lump sum of $174,959.48. The periodic payments will be paid by Metropolitan Life Insurance Company, the annuity issuer, subject to the terms and conditions of the Uniform Qualified Assignment and Settlement Agreement and Release.  The assignee, MetLife Tower Resources Group, Inc. is the applicant/owner of the annuity policy.

D.V. shall be entitled to each periodic payment only when the payment becomes due. He shall have no rights to the funding source. He shall have no power to designate the owner of the annuity nor have any right to control or designate the method of investment of the funding medium.

In the event of the death of D.V. prior to all guaranteed periodic payments being paid, the beneficiary payments will be paid as follows:

A. To Robyn Smith, the mother and natural guardian of D.V.

The original annuity policy for D.V. will be deposited with the Clerk of Court for the District of Minnesota and the policy will be returned to the owner of the policy when: (a) D.V. reaches the age of majority; (b) the terms of the policy have been fully performed; or (c) D.V. dies, whichever comes first.

5. The sum of $338,806.63 shall be placed in the registry of the Court pursuant to Fed. R. Civ. P. 67(b) and 28 U.S.C. § 2041. When D.V. reaches the age of majority on February 1, 2016, he may present a certified copy of this Report and Recommendation, as approved by the District Judge, to the Clerk of Court so that he may take ownership of money deposited with the Court in accordance with Fed. R. Civ. P. 67(b) and 28 U.S.C. § 2042.

In the event of the death of D.V. prior to he reaches the age of majority on February 1, 2016, the beneficiary of the funds placed with the Registry of the Court shall be as follows:

    A.  To Robyn Smith, the mother and Natural Guardian of D.V.

6. All sums set forth constitute damages on account of personal injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Dated: September 2, 2014                  s/Leo I. Brisbois
                                                          Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE

# **N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 16, 2014** a writing that specifically identifies the portions of the Report to which objections are made and the basis for each objection. A party may respond to the objections **by September 30, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.